IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY SHBBAZ GOODEN, JR.,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.                                              No. 16-0530-DRH

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

On August 18, 2008, the Court sentenced Gooden to 360 months on Count 1 for conspiracy to commit kidnaping which is a Class A Felony that has a statutory range of any term of years or life in prison, a maximum fine of $250,000 and a special assessment of $100 and 240 months on Count 4 for using firearm during a crime of violence which is a Class A Felony that has a statutory range of not less than 10 years consecutive to any other count, a maximum fine of $250,000 and a special assessment of $100 on Count 4 for a total sentence of 600 months. The Court also found that Gooden breached the plea agreement with the United States. See *United States v. Gooden*, 07-CR-30015-DRH-1 (Docs. 111, 109 & 115).

On May 12, 2016, Gooden, *pro se*, filed a motion to vacate pursuant to 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S.Ct. 2551 (June 26, 2015) (Doc. 1). The Court appointed the Federal Public Defender to represent Gooden (Doc. 3) and Assistant Federal Public Defender David Brengle entered an

appearance for Gooden (Doc. 5). On June 8, 2016, Brengle filed a motion to withdraw stating the Gooden was not entitled to relief under *Johnson* (Doc. 6). Thus, the Court directed both the government and Gooden to respond to the motion to withdraw (Doc. 7). The government filed its response agreeing that *Johnson* does not apply (Doc. 8) and Gooden filed a response opposing the motion to withdraw and the government's response (Doc. 9). Based on the following, the Court denies the motion to vacate as Gooden is not entitled to relief under *Johnson*.

Section 2255 allows a defendant to move to vacate, set aside, or correct a sentence that was imposed in violation of the Constitution of the United States. 28 U.S.C. § 2255(a). The Supreme Court held in *Johnson* that increasing a defendant's sentence based on the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), violates the Due Process Clause of the Fifth Amendment because of its vagueness denies fair notice to defendants of the sentences they may face and invites arbitrary enforcement. *Johnson*, 135 S.Ct. at 2557. In addition, the Seventh Circuit held in *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015), that "*Johnson* announces a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions." Therefore, defendants who sentences were increased based on the residual clause of the Armed Career Criminal Act can qualify for relief under § 2255. On August 25, 2015, the Seventh Circuit stated in dicta, "[W]e proceed on the assumption that the Supreme Court's reasoning [*in Johnson*] applies to

section 4B1.2 as well") *Ramirez v. United States,* 799 F.3d 845(7th Cir. Aug. 25, 2015). The appellate court further noted the U.S. Sentencing Commission is seeking comments on a proposal to change the guideline language to make it conform to *Johnson. Id*. The Court notes *Johnson,* considered in conjunction with *Price* and *Ramirez,* presents *the possibility* that an individual sentenced as a career offender, based on the Guidelines' definition of a "crime of violence" and the Guidelines' "residual clause," may have grounds for challenging his federal conviction and sentence by means of a motion brought before the sentencing court pursuant to § 2255.

Here, the *Johnson* does not apply to Gooden's case as he was not sentenced as an Armed Career Criminal or even as a Career Offender. His sentenced was calculated using the base offense level and specific offense characteristics that were applicable to the two offenses for which he pled guilty. Furthermore, Conspiracy to Commit Kidnapping and Use of a Firearm During a Crime of Violence were not determined to be violent felonies because of the ACCA's residual clause. Thus, the Court **DENIES** Gooden's 28 U.S.C. § 2255 motion (Doc. 1).

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district

court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval,* 574 F.3d at 852. A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

As to petitioner's claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of petitioner's claim. Reasonable jurists could not debate that the petition should have been resolved in a different manner. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

Accordingly, the Court **DENIES** Gooden's motion under 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence by person in federal custody. The

Court **DISMISSES with prejudice** this cause of action. Further, the Court **DECLINES** to issue a certificate of appealability. The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 1st day of July, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.07.01 06:58:35 -05'00'

**United States District Judge**